IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Dyzshon R.A. Boykins, | ) C/A No. 5:12-114-JFA-KDW |
|---|---|
| Plaintiff, | ) |
| | ) REPORT AND |
| vs. | ) RECOMMENDATION |
| | ) |
| Orangeburg County Jail; Nurse Webber; Willie Bamberg, Warden; Officer McDuffie; Officer Hampton; Nurse Brown, | ) |
| | ) |
| Defendants. | ) |

The plaintiff, Dyzshon R. A. Boykins ("Plaintiff"), proceeding pro se and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is incarcerated at the "Orangeburg County Jail," and brings this action against jail employees. The Complaint seeks monetary damages from the Defendants for alleged violations of Plaintiff's constitutional rights based on conditions of confinement at the jail. Having reviewed the Complaint in accordance with applicable law, the undersigned recommends that it be summarily dismissed because it fails to state a claim on which relief may be granted.

Pro Se and *In Forma Pauperis* Review

Plaintiff filed his Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune

---

1 Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

from such relief."[2] 28 U.S.C. § 1915(e)(2)(B). The same standard is applied in screening prisoner pleadings pursuant to 28 U.S.C. § 1915A, which requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B), which requires the court to dismiss a case in which litigant seeks to proceed *in forma pauperis* at any time it determines the action fails to state a claim on which relief may be granted. *See also Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (noting requirement of liberal construction does not mean court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court).

Background

Plaintiff files a § 1983 action concerning conditions at the Orangeburg County Jail, where he is confined. ECF No. 1. Plaintiff alleges a spider bit his cheek on September 23, 2011. *Id.* at 3. He alleges Defendant McDuffie, a correctional officer, was immediately informed and stated he

---

[2] Screening of prisoner pleadings against government defendants pursuant to 28 U.S.C. § 1915A(a) is subject to the same standard.

would put Plaintiff on the list to see a nurse. Plaintiff complains that he was in pain the following two days without medical attention. On Monday September 26, 2011, Defendant Brown and/or Webber, nurses at the jail, confirmed Plaintiff was bitten by a spider and "put me on ibephrophan [sic] and antibiotics" for "twice a day." *Id*. Plaintiff further alleges that "he wrote up a petition to Willie Bamberg, because of the lack of medical attention, how inmates are being ill-fed, no outside recreation for months at a time, correctional officers verbally and physically oppress and mistreat inmates and also other grievances such as unsanitary rooms." *Id*. At the time the Complaint was filed, Defendant Bamberg had not responded. Plaintiff seeks monetary damages for "lack of medical attention, pain and suffering and mistreatment of an inmate." He also wants a "walk through" by the "Health Department." *Id*. at 5.

Discussion

Plaintiff files this civil rights action pursuant to 42 U.S.C. § 1983. A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Complaint names the Orangeburg County Jail as a party defendant. A defendant in a

§ 1983 action must qualify as a "person." The Orangeburg County Jail is a building or a facility. Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law. Accordingly, the Orangeburg County Jail is not a "person" acting under color of state law that is subject to suit under 42 U.S.C. § 1983. *See Allison v. Calif. Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (finding California Adult Authority and San Quentin Prison were not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D. N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Because Defendant Orangeburg County Jail is not a "person" subject to liability under § 1983, Plaintiff's Complaint fails to state a claim against it.

Although the Complaint's caption also names "Officer Hampton" as a Defendant, the Complaint contains no factual allegations identifying the particular conduct of Defendant Hampton that is alleged to have harmed Plaintiff. While Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, he must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). "Rule 8(a)(2) still requires a showing, rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only fair notice of the nature of the claim, but also grounds on which the claim rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007). As Defendant Hampton is not alleged to be personally involved in the deprivation of Plaintiff's federal rights, the Complaint fails to state a claim under § 1983 against Defendant Hampton.

The Complaint's allegations against Defendants McDuffie, Brown, and Webber relate to Plaintiff's claim that medical attention was denied or delayed after he was bitten by a spider on his cheek. Plaintiff alleges that, upon being informed on September 23, 2011, that a spider bit Plaintiff on the cheek, Defendant McDuffie told Plaintiff "that he [would] put [Plaintiff] on the nurse list." ECF No. 1 at 3. Plaintiff alleges that "Nurse Brown & Webber called me up to her office and checked me for the bite, she located the spider bite and confirmed on her log book that it was a spider bite" on Monday, September 26, 2011. *Id.* Plaintiff was treated with "ibephrophan[sic] and antibiotics" to be taken "twice a day." *Id.*

Deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983. *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976). "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to *serious* medical needs." *Estelle*, 429 U.S. 105-06 (emphasis added). "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citing *Estelle,* 429 U.S. at 103-104). Unless medical needs were serious or life threatening, and a defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, a plaintiff may not prevail. *Estelle,* 429 U.S. at 107; *Farmer v. Brennan,* 511 U.S. 825 (1994); *Sosebee v. Murphy,* 797 F.2d 179 (4th Cir. 1986).

The Complaint alleges failure to provide immediate medical treatment for a spider bite, but does not allege any associated symptoms that would indicate a serious medical need. Although certainly uncomfortable and possibly painful, a spider bite is not a serious medical condition. Defendant McDuffie's failure to secure immediate medical attention for Plaintiff's spider bite does

5

not rise to the level of a constitutional violation. In his allegations concerning Defendants Brown and Webber, Plaintiff indicates he received treatment for the spider bite. Accordingly, Plaintiff has not presented factual allegations of indifference. Even if Defendants Brown and Webber were involved in the claimed two-day delay in receiving medical attention for the spider bite, the facts do not state a sufficiently serious medical need. Plaintiff's allegations for violation of his constitutional rights based on deliberate indifference to a serious medical need by Defendants McDuffie, Brown, and Webber fail to state a claim under § 1983.

The Complaint alleges Plaintiff presented a petition to Defendant Bamberg, identified as the warden, "because of the lack of medical attention, how inmates are being ill-fed, no outside recreation for months at a time, correctional officers verbally and physically oppress and mistreat inmates and also other grievances such as unsanitary rooms." ECF No. 1 at 3. In order to establish an Eighth Amendment violation relating to conditions of confinement, a prisoner must establish both (1) "a serious deprivation of a basic human need" and (2) "deliberate indifference to prison conditions on the part of prison officials." *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993). The inmate must also "produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." *Id.* at 1381.

Plaintiff alleges general conditions experienced by "inmates," but makes no specific allegations of how his personal basic human needs have been deprived, or how he has been injured. For instance, Plaintiff alleges "inmates are being ill-fed," but does not claim he has personally been deprived of food or adequate nutrition, with resulting injury. Plaintiff alleges "correctional officers verbally and physically oppress and mistreat inmates," but does not allege he has personally been physically mistreated. Plaintiff alleges lack of outside recreation and unsanitary rooms, but provides

no factual allegations that he is personally affected and how his federal rights are violated. "In order to state a civil rights claim upon which relief can be granted under 42 U.S.C. § 1983, one must allege that he, himself, sustained a deprivation of a right, privilege or immunity secured to him by the Constitution and laws of the United States." *Inmates v. Owens*, 561 F.2d 560, 562-63 (4th Cir. 1977) (noting a plaintiff does not have standing to bring claims on behalf of others); *Hummer v. Dalton*, 657 F.2d 621, 625-26 (4th Cir. 1981) (finding a prisoner cannot act as a "knight-errant" for others). Plaintiff's allegations against Defendant Bamberg fail to state a claim under § 1983.

Although a pro se pleading is allowed liberal construction, the pleading must still conform to pleading requirements. *See* Fed. R. Civ. P. 8. (pleading requires "short plain statement of the claim."). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, —, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555-57). Plaintiff's assertions against the named Defendants fail to state a claim supported by factual allegations that allow the court to draw the reasonable inference that the Defendants are liable for deprivation of Plaintiff's federal rights. Plaintiff's conclusory allegations are not sufficient to state a § 1983 claim and the Complaint should be dismissed.

## Recommendation

Accordingly, it is recommended that Plaintiff's Complaint be dismissed *without prejudice* and without issuance and service of process. 28 U.S.C. § 1915A (as soon as possible after docketing district courts should review prisoner cases to determine whether they are subject to summary dismissal). **Plaintiff's attention is directed to the notice on the following page.**

7

IT IS SO RECOMMENDED.

*(signature)*

March 27, 2012                                    Kaymani D. West
Florence, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).